**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **V.** | ) | **No.4:25-CR-00115-JM** |
| | ) | |
| **XAVIER JONES** | ) | |

**RESPONSE TO ADMIT EVIDENCE OF PRIOR CONVICTION UNDER**

**FEDERAL RULE OF EVIDENCE 404(b)**

COMES NOW, Xavier Jones, hereinafter referred to as "Jones," by and through his attorney, Jay Paul Coleman of the Law Offices of J. Paul Coleman. Within his response to the Government's Motion to Admit Evidence of Prior Conviction under Federal Rule of Evidence 404(b), Jones states the following:

Jones has been charged with: Transportation of a Firearm in Interstate Commerce While Under Felony Information; Possession of a Machinegun; Possession of a Stolen Firearm; Possession with Intent to Distribute Marijuana; and Possession of a Machinegun in Furtherance of a Federal Drug Trafficking Crime. In California, Jones is currently charged with: Carrying a Loaded Firearm in Public; Carrying A Loaded Handgun: Not Registered Owner; Conceal Carry Weapon in Vehicle; Promote/Etc. Felony Crime Street Gang; Convicted Person Possess/Etc. Firearm; Restriction; Prohibited Own/Etc. Ammo/Etc.; Conceal Carry Weapon in Vehicle: Occupant; and Conceal Carry Weapon Criminal Street Gang: Active.

Allowing the Government to introduce evidence of the charges which Jones is facing in California would be allowing the Government to introduce observations about Jones's character. In *U.S. v. Mothershed,* the Eighth Circuit Court of Appeals found that Mothershed's request for a new trial shall be granted due to the lower Court improperly ruling in favor of admitting 404 (b) evidence against Mothershed. *U.S. v. Mothershed,* 859 F.2d 585, 586, 27 Fed. R. Evid. Serv. 162. In *Mothershed,* Mothershed was charged with aiding and abetting a bank robbery; within the trial for that charge, the Government produced and the Court admitted evidence of a prior guilty finding for possessing stolen bank money. *Id.* at 586. The Court of Appeals found that because the prior conviction is irrelevant to the elements of the charge in the present case, that bringing forth the prior conviction was nothing more than allowing the jury to observe Mothershed's character. *Id.* at 589.

In the present case, this Honorable Court, after comparing the charges Jones is facing in California with the charges he is facing in this present case, all the charges do not relate closely enough to justify the admittance of 404 (b) evidence. In the above-captioned matter, Jones is charged with Possession of a Drug Trafficking Crime as well as Possession with Intent to Distribute Marijuana. Jones has no previous charges or convictions related to drug charges. It is not reasonable to conclude that just because an individual is charged with possession of a firearm in one matter that they will distribute marijuana or any other drug. Admitting evidence of the charges Jones is facing in California is an observation of Jones's character. As stated in *Mothershed,* it is not proper to convict an individual on their propensities, but only on what they have done. *U.S. v. Mothershed,* 859 F.2d 585, 589, 27 Fed. R. Evid. Serv. 162.

WHEREFORE, because the admittance of the potential 404 (b) evidence would solely be an attack on Jones's character, evidence of the charges which Jones is facing in California shall not be admitted under 404 (b).

Respectfully submitted,

XAVIER JONES

By: /s/ Jay Paul Coleman
The Law Offices of J. Paul Coleman
1501 N. University Ave., Suite 416
Little Rock, AR. 72207
Ph: 501-626-8028
Fax: 501-441-2297
Email: jay@jpaulcolemanlaw.com