UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | PLAINTIFF |
| | ) | |
| v. | ) | No. 4:25-CR-00115-JM |
| | ) | |
| | ) | |
| JAYMANI AAREON GORMAN | ) | DEFENDANT |

**RESPONSE AND OBJECTION TO ADMIT EVIDENCE OF PRIOR CONVICTIONS UNDER FEDERAL RULE 404(B)**

Comes now the Defendant, Jaymani Aareon Gorman, by and through his attorneys, Bobby Forrest, Jr., and for his Response and Objection to admit evidence of prior convictions, states:

Jaymani Gorman (Mr. Gorman) was arrested by state law enforcement on May 18, 2025. Mr. Gorman was later indicted, which was filed with the courts on June 3, 2025.

On April 20th, 2026 the Government provided the defendant with notice of its intent to admit evidence of his prior convictions at the upcoming trial under the Federal Rule of Evidence 404(b). Federal Rule of Evidence 404(b) provides, in pertinent part:

(1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

(2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

As the government admitted, to be admissible under Rule 404(b) a prior act must be: (1)

1

relevant to a material issue raised at trial (2) similar in kind and not overly remote in time to the crime charged (3) supported by sufficient evidence and (4) higher in probative value than in the prejudicial effect. *U.S v. Strong 415 F.3d 902 (2005).*

1.  Relevant to a material issue at trial

The Government states that because Mr. Gorman has plead not guilty he has placed the issue of knowledge and intent at hand quoting *United States v. Halk* and *United States v. Oaks.* However, in U.S. v. Cotton, 823 F.3d 430, 434 (2016), the court emphasized that " merely reciting those permissible purposes without more is not sufficient to render evidence of a prior conviction admissible in any particular case. Rather, when the defendant raises a timely objection to admission of the evidence, rule 404(b) requires a careful inquiry and analysis of the purpose for which the evidence is offered. The government . . . .must identify the permissible non-propensity purpose for the evidence, and must articulate the relationship between the prior conviction and a material issue in the case.

Distinguishable from the cases cited by the government, Mr. Gorman is not stating he did not have knowledge of the gun being present he is stating the gun is not his and was not in his possession. Additionally, Mr. Gorman is not arguing that he did not intend to carry the weapon, he is arguing that the weapon is not his and he was not carrying it. Due to this, admitting the evidence of his prior conviction is not relevant and is more prejudice than probative. Nothing about his prior charges show knowledge or intent

Further, if the court did decide that the government was allowed to admit such evidence, it should limit the government or in the alternative provide a limiting instruction from using the specific charge as it relates to attempted murder and assault with a firearm on a person as it unfairly prejudice. *United States v. Halk, 634 F.3d 482, 488 (8th Cir. 2011).*

2

WHEREFORE, the Defendant, Jaymani Gorman, requests that this Court prohibit the Government from admitting evidence of the prior convictions; in the alternative, Order that the Government not use specific case facts about any violent charge and for all other relief to which he may be entitled.

Respectfully submitted,

By:    Bobby Forrest, Jr.
       Bar Number 20191215
       124 W. Capitol Ave. Ste. 875
       Little Rock, AR 72201
       (501) 324-6113
       E-mail: bobby@chosenlawgroup.com

For:   Jaymani Gorman, Defendant